United States District Court
Southern District of Texas

**ENTERED**

July 28, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MAMIE L. HARPER, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-06380 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| LINA HIDALGO, *et al*, | § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

This action was filed on behalf of Mamie L. Harper, who is deceased, alleging that Defendants "all played a part in extorting state property taxes" from her. Dkt 1 at 3. The complaint was filed and signed by Darrell J. Harper. The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 5.

Prior order adopted Judge Ho's recommendation that the complaint be stricken and the action be dismissed because Darrell J. Harper (i) isn't a licensed attorney and thus cannot represent the decedent, and (ii) is a vexatious litigant subject to a preclusion order that bars him for filing lawsuits in this district without prior permission. Dkt 9; see Dkt 7 at 4 (preclusion order).

Plaintiff filed a notice of appeal, along with a motion to proceed *in forma pauperis* on appeal. Dkts 11 & 12. He also filed an "objection" to the order adopting Memorandum and Recommendation. Dkt 13.

Judge Ho recommends that the motion to proceed IFP on appeal be denied because Harper's appeal is frivolous in light of the preclusion order. Dkt 17 at 1–2. And, construing the objection to the prior order as a motion under Rule

59(e), she recommends that it be denied for failure to identify any error law or fact or newly discovered evidence. Id at 2–3.

Harper filed objections. Dkt 18. Among other things, he contends that the Memorandum and Recommendation (i) doesn't adequately address his right to due process and petition the government, and (ii) that the preclusion order shouldn't be treated as conclusive. Dkt 18.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Harper's objections lack merit.

The objections don't contest the existence of the preclusion order or that Harper failed to receive permission before filing this action. The Magistrate Judge thus appropriately determined that any appeal "is not taken in good faith" and thus, doesn't warrant IFP status. The objection to the prior order adopting M&R is also frivolous and fails to identify any legal or factual error. Dkt 13.

The objections to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 18.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 17.

The motions by Darrell Harper to proceed *in forma pauperis* on appeal are DENIED. Dkts 12 & 19.

Construing Darrell J. Harper's objection as to the order of dismissal was a motion under Rule 59(e), the motion is DENIED. Dkt 13.

A final judgment has already entered in this action. Dkt 10.

SO ORDERED.

Signed on ___July 27, 2026___, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge